

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, as assignee and subrogee of Mark E. Schuster Holding Company, LLC and Breathing Air Systems, Inc.<br><br>Plaintiff,<br>v.<br><br>BRADLEY G. SMITH and S AND S FIRE AND SAFETY LLC,<br><br>Defendants. | No.: 1:21-cv-11<br><br>CLC/Lee |

## COMPLAINT

Plaintiff Travelers Casualty and Surety Company of America, as assignee and subrogee of Mark E. Schuster Holding Company, LLC and Breathing Air Systems, Inc., through its attorneys, files this Complaint against Defendants Bradley G. Smith and S and S Fire and Safety LLC, and in support thereof states the following:

### PARTIES

1. Plaintiff Travelers Casualty and Surety Company of America ("Travelers") is an insurance company organized and existing under the laws of the State of Connecticut, having its principal place of business in Hartford, Connecticut.

2. Defendant Bradley G. Smith ("Smith") is an adult individual who resides at 1355 County Road 155, Flat Rock, Alabama 35966.

3. Defendant S and S Fire and Safety, LLC ("S&S") is an Alabama limited liability company with a registered address located at 1355 County Road 155, Flat Rock, Alabama 35966. Smith and S&S hereafter collectively will be referred to as "Defendants".

1

4. Upon information and belief, at all relevant times Smith was S&S's sole and controller member.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332(a)(1), in that complete diversity of citizenship exists between Travelers and Defendants and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

7. Until February 2019, Smith was employed as a Branch and Sales Manager for Breathing Air Systems, Inc., a wholly owned subsidiary of Mark E. Schuster Holding Company, LLC (collectively, "Schuster"), that supplies air compressors and related breathing air equipment ("Equipment").

8. As part of its promotional efforts, Schuster allows customers to purchase new Equipment at a discount if the customer transfers its existing, used Equipment to Schuster ("Trade-In Equipment").

9. Schuster in turn sells the Trade-In Equipment on the secondary market, which allows Schuster to discount its prices on new Equipment.

10. As a Branch and Sales Manager for Schuster, Smith had access to and control over both the new Equipment and Trade-In Equipment owned by Schuster. Smith additionally had authority and control over certain employees of Schuster.

2

11. From July 2014 through January 2019, Smith, in his role as Branch and Sales Manager, created a scheme to divert the Trade-In Equipment to S&S, an entity that Smith formed and managed solely for the purpose of carrying out the scheme.

12. After diverting Schuster's Trade-In Equipment to S&S, Defendants would resell the Trade-In Equipment to fire departments and additional customers throughout the region.

13. Additionally, Smith provided invoices and other documents to Schuster employees that falsely represented that S&S was an authorized vendor of Schuster.

14. The false invoices allowed S&S to utilize Schuster's labor and electronic systems at no cost to S&S.

15. On or about January 31, 2019, Schuster discovered Defendants' fraudulent scheme and terminated Smith's employment with Schuster.

16. In total, Defendants' fraudulent scheme caused damages of no less than $376,754 to Schuster.

17. Smith was criminally charged with felony theft due to his scheme and the criminal case against him remains pending in the Hamilton County Criminal Court at Case No. 307497.

18. Despite demand, neither Smith nor S&S has returned any portion of the $376,754 misappropriated from Schuster.

19. Travelers is Schuster's fidelity insurer, issuing a policy of insurance (No. 069-LB-105553136) (the "Policy") to Schuster in which Travelers agreed to insure Schuster for losses sustained due to employee dishonesty.

20. Pursuant to the Policy, Travelers indemnified Schuster for the losses that Schuster sustained as a result of Smith's misconduct.

21. Because Travelers indemnified Schuster, Travelers has become subrogated Schuster's rights and claims.

22. Additionally, Schuster assigned to Travelers all of the rights, claims, and causes of action that Schuster has against Smith, S&S, and others related to Smith's misconduct. A true and correct copy of the Assignment and Release agreement is attached hereto as **Exhibit "A"**.

<u>COUNT I</u>
CIVIL FRAUD
**Travelers v. Defendants**

23. Travelers repeats and realleges the foregoing and the following allegations as if set forth herein.

24. By submitting forged and falsified invoices, Defendants represented to Schuster and its employees that it was entitled to receive the Equipment and that S&S was an authorized vendor of Schuster.

25. Defendants' representations were material and false, because S&S was not entitled to the Equipment and additionally was not an authorized vendor of Schuster.

26. Defendants made the false representations with the intent to mislead Schuster into relying upon them.

27. Schuster reasonably relied on the representations of Defendants when its employees provided their labor services for the benefit of S&S, as well as authorized the transfer of the Equipment to S&S.

28. Defendants' conduct was wanton and willful and committed with actual malice.

29. As a result of Defendants' misrepresentations, Schuster, and thus Travelers, suffered a loss in the principal amount of $376,754 and is entitled to an award of punitive damages in addition to compensatory damages.

4

## COUNT II
## CONVERSION
### Travelers v. Defendants

30. Travelers repeats and realleges the foregoing and the following allegations as if set forth herein.

31. Schuster was the rightful possessor and owner of the Trade-In Equipment.

32. Without Schuster's consent and without lawful justification, Defendants deprived Schuster of its rightful possession and ownership of the Trade-In Equipment by transferring the Trade-In Equipment to S&S.

33. Despite demand, Defendants have not returned the $376,754 due and owing to Schuster or Travelers, which reflects the fair market value of the converted Trade-In Equipment.

34. Defendants' actions were wanton, willful and committed with actual malice.

35. As a result of Defendants' actions, Schuster, and thus Travelers, suffered a loss in the principal amount of $376,754 and is entitled to an award of punitive damages in addition to compensatory damages.

## COUNT III
## BREACH OF FIDUCIARY DUTY
### Travelers v. Smith

36. Travelers repeats and realleges the foregoing and the following allegations as if set forth herein.

37. As Schuster's Branch and Sales Manager with access to and control of Schuster's Equipment inventory, employees, and proprietary information, Smith owed a fiduciary duty to Schuster to act in Schuster's best interests, including to refrain from stealing from Schuster.

38. Smith breached his fiduciary duty owed to Schuster by diverting Schuster's Trade-In Equipment and labor to S&S, ultimately to Smith's benefit.

5

39. Smith's actions were wanton, willful and committed with actual malice.

40. As a result of Smith's actions, Schuster, and thus Travelers, suffered a loss in the principal amount of $376,754.

## COUNT IV
## UNJUST ENRICHMENT
### Travelers v. Defendants

41. Travelers repeats and realleges the foregoing and the following allegations as if set forth herein.

42. Defendants obtained a benefit from Schuster in the total amount of $376,754, which reflects the value of the Trade-In Equipment and services that Defendants stole from Schuster.

43. Defendants knowingly accepted said benefit.

44. Despite demand for repayment, Defendants have retained such benefit by not returning the Equipment, or $376,754, to Schuster or Travelers.

45. It is inequitable and unjust for Defendants to continue to retain the benefit that they received without disgorging such benefit.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Travelers Casualty and Surety Company of America requests that this Honorable Court award the following relief;

1. Judgment in its favor and against Defendants, jointly and severally for compensatory damages in the amount of $376,754;

2. An award of punitive damages due to Defendants' willful and wanton misconduct;

3. Pre- and post-judgment interest, costs, and attorneys' fees; and

4. All further relief that this Honorable Court determines to be just and proper.

McELROY, DEUTSCH, MULVANEY &amp;<br>
CARPENTER, LLP

By: _____
Matthew A. Lipman, Esquire
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103-1815
Telephone: (215) 557-2900
Facsimile: (215) 557-2990
mlipman@mdmc-law.com
*Attorneys for Plaintiff, Travelers Casualty and Surety Company of America*

Dated: January 19, 2021

# EXHIBIT "A"

RELEASE AND ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS that, the undersigned, Mark E. Schuster Holding Company, LLC, for the sole consideration of Three Hundred Forty Seven Thousand Thirty Seven and 00/100 ($347,037.00) Dollars, to it paid by Travelers Casualty and Surety Company of America (the "*Company*") under the provisions of Bond/Policy No. 069-LB-105553136 (the "*Bond/Policy*"), the receipt and sufficiency of which is hereby acknowledged, does hereby release and forever discharge the Company, its parent, affiliates, subsidiaries, successors and assigns in connection with that certain claim described in that certain Proof of Loss dated April 26, 2019 and all additional documentation and information provided in support of said Proof of Loss (the "*Claim*").

IN FURTHER CONSIDERATION of the aforesaid payment, the undersigned does hereby transfer, assign and set over to the Company all of its claims, rights, demands and causes of action against all persons, firms or corporations whomsoever arising out of or in any way connected with the Claim (the "*Claims and Rights*"). The undersigned represents and warrants that it has not assigned any Claims and Rights to any other party. The Company may pursue the Claims and Rights in its own name, or, if it so elects, in the name of the undersigned. The undersigned further represents and warrants that there are no pending civil lawsuits, actions, arbitrations or other legal proceedings initiated by the undersigned against any person, firm, or corporation arising out of or in any way connected with the Claims and Rights, except for the following:_____ (which matter is included in this Assignment). The undersigned affirms its understanding and agreement (i) that the Company shall have the right, in its sole and absolute discretion, to determine for itself and the undersigned whether to pursue, compromise, settle, and/or abandon any of the assigned Claims and Rights; and (ii) to be bound by the Bond/Policy provisions relating to recovery (including, without limitation, the order of recovery provisions) and to cooperate with the Company to the fullest extent possible to affect recovery.

The undersigned additionally agrees to execute any and all further papers, releases and/or assignments that may be necessary to effectuate the purposes of the above assignment.

Executed at __Naples__, __Florida__, this __23__ day of __December__, 20__19__.

Mark E. Schuster Holding Company, LLC
BY: _Mark S. [signature]_
_Mark E Schuster, President_
Print Name and Title

****************** Our toll-free number is 800-842-8496 **************************
If possible, please send future communications and documents concerning this claim via email toSGHAYES@travelers.comPlease include the claim number in the subject line. (Please note that in certain cases we may still request original documents).
Rev 08/13/16                                                                                                                                CR-05