UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, *as assignee and subrogee of Mark E. Schuster Holding Company, LLC, and Breathing Air Systems, Inc.*, | ) ) ) ) ) ) |
| *Plaintiff*, | ) Case No. 1:21-CV-11 ) |
| v. | ) Judge Curtis L. Collier ) |
| BRADLEY G. SMITH, | ) Magistrate Judge Susan K. Lee ) |
| *Defendant*. | ) |

# **M E M O R A N D U M**

In response to the Court's September 6, 2022, order to file a report regarding the current status of this action, the parties submitted a joint response regarding their intention with the litigation. (Doc. 38.) The Court construes the parties' joint response as a renewed motion for entry of consent judgment.

## I. BACKGROUND

On January 20, 2021, Plaintiff Travelers Casualty and Surety Company of America ("Travelers") filed a Complaint against Defendants Bradley G. Smith and S and S Fire and Safety LLC ("S&S"). (Doc. 1.) The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount-in-controversy requirement is met. (*Id.* at 2.) According to the Complaint, Defendant Smith served as a branch and sales manager for Breathing Air Systems, Inc., a wholly owned subsidiary of Mark E. Schuster Holding Company, LLC ("Schuster"), from July 2014 through January 2019. (*Id.* at 2–3.) During that time, Smith created a scheme to divert Schuster's

trade-in equipment to S&S, an entity that Smith formed and managed for the sole purpose of his diversion scheme. (*Id.* at 3.) Defendants would then resell the trade-in equipment. (*Id.*) Around the end of January, Schuster discovered Defendants' scheme and terminated Smith's employment. (*Id.*) Smith was criminally charged with felony theft for this scheme in Hamilton County Criminal Court Case Number 307497. (*Id.* at 3.) Plaintiff alleges that Defendants' scheme caused $376,754 in damages to Schuster. (*Id.*) Plaintiff is Schuster's insurer; pursuant to the insurance policy, Plaintiff is subrogated to Schuster's rights and claims against Defendants. (*Id.* at 2–3.) Plaintiff brings claims of civil fraud, conversion, and unjust enrichment against Defendants Smith and S&S; Plaintiff also brings a claim of breach of fiduciary duty against Defendant Smith. (*Id.* at 4, 5, 6.) Defendant S&S failed to respond to the complaint and Plaintiff failed to move for entry of default against S&S, so the Court dismissed S&S without prejudice. (Doc. 29.)

On October 4, 2021, Plaintiff, with the consent of Defendant, moved for entry of the proposed consent judgment. (Doc. 32.) In relevant part, the proposed consent judgment states,

> This action having come before the Court based upon the agreement of the parties, Travelers Casualty and Surety Company of America and Bradley G. Smith, to the entry of a consent judgment in favor of Plaintiff, Travelers Casualty and Surety Company of America, and against Defendant, Bradley G. Smith only, in the amount of one hundred twenty-five thousand dollars and zero cents.

(Doc. 32-1.) Because Plaintiff failed to cite any authority for why the motion should be granted and because the Court typically does not get involved in settlement agreements between private parties, the Court ordered Plaintiff to show why the motion should be granted. (Doc. 33.) In response, Plaintiff cited a collection of assorted district court cases—none of which are from the Eastern District of Tennessee—that purported to demonstrate why the Court should grant its motion. (Doc. 34 at 3–4.) But Plaintiff again failed to explain why the Court should enter this

specific proposed consent judgment, so the motion for entry of the proposed consent judgment was denied. (Doc. 35.)

After nearly a year, the Court ordered the parties to file a report on the current status of the action. (Doc. 37.) The parties then submitted a response that the Court construes as a joint motion to approve the proposed consent judgment: "The parties again request that the Court enter judgment in favor of Travelers and against Smith in the form contained in ECF No. 32-1." (Doc. 38 at 2.) The parties now cite relevant case law and explain why the Court should approve the proposed consent judgment. (*See* Doc. 38.) Defendant has pleaded guilty to the felony theft charge in Hamilton County, Tennessee, so an order of restitution was entered against him with Plaintiff as the payee. (*Id.* at 2.) The proposed consent judgment would secure Defendant's payment plan. (*Id.*) The parties also argue,

> If the Court does not enter the consent judgment and Smith later defaults on his repayment obligations, Travelers would be required to file a new lawsuit against Smith for breach of contract thereby wasting time and the Court's resources. The parties' request . . . represents the most efficient and cost-effective method.

(*Id.*)

## II. STANDARD OF REVIEW

"A consent decree is essentially a settlement agreement subject to continued judicial policing." *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 871 (6th Cir. 2015) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Unlike with private settlements, when a court enters a consent decree, the court retains jurisdiction to enforce the decree. *Pedreira*, 802 F.3d at 871. A consent decree also injects the "power and prestige of the court" behind the compromise struck by the parties. *Id.* (citations omitted). When deciding whether to approve and enter a proposed consent decree, a district court must consider "whether the decree is 'fair,

3

Case 1:21-cv-00011-CLC-SKL   Document 39   Filed 10/03/22   Page 3 of 5   PageID #: 194

adequate, and reasonable, as well as consistent with the public interest.'" *United States v. Lexington-Fayette Urban Cty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010). The consent decree must arise out of and resolve a dispute that is within the Court's subject-matter jurisdiction, come within the general scope of the case as determined by the pleadings, and further the objectives of the law the complaint was based upon. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986).

## III. DISCUSSION

After reviewing the proposed consent judgment (Doc. 32-1), the Court finds it is fair, reasonable, adequate, and consistent with the public interest. Both parties are represented by counsel and have agreed to the resolution of this action in the manner set forth in the proposed consent judgment. (*See* Doc. 38 at 3.) The parties state, "Counsel for the parties have 'competently evaluated the strength of [their] proofs' and the settlement reached is consistent with the 'character of the evidence uncovered.'" (*Id.* at 2 (first quoting *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983); then quoting *Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010).) The parties further state that the settlement reached in the proposed consent judgment meets the requirement of being "fair, adequate, and reasonable, as well as consistent with the public interest." (Doc. 38 at 2 (quoting *Lexington-Fayette*, 591 F.3d at 489).)

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and the Court finds it has the authority to order the relief requested. *See, e.g.*, *Douglass v. Berke*, 2020 WL 5624012 (E.D. Tenn. Sept. 17, 2020) (entering a proposed consent judgment and decree permitting the plaintiff to reopen the case if defendants did not uphold their promise not to ban drive-through church services). Finally, the proposed consent judgment squarely settles the disputed fraud claim between the parties and furthers the purposes of restitution by making

4

Plaintiff—the victim of Defendant's fraudulent scheme—whole. After Defendant pleaded guilty to a crime that forms the basis of the civil claims in this action, a restitution order was imposed. (Doc. 38 at 2.) Defendant agreed to repay the amount owed to Plaintiff via a payment plan secured by this proposed consent judgment against him. (*Id.*) The proposed consent judgment will settle Plaintiff's claims of civil fraud, conversion, breach of fiduciary duty, and unjust enrichment against Defendant. Accordingly, the proposed consent judgment specifically resolves a dispute falling within the Court's subject-matter jurisdiction.

IV. **CONCLUSION**

For the foregoing reasons, the Court finds the proposed consent judgment (Doc. 32-1) is fair, reasonable, adequate, and consistent with the public interest. Therefore, the parties' renewed motion for entry of consent judgment (Doc. 38) will be **GRANTED.** The Court will **APPROVE AND ENTER** the proposed consent judgment (Doc. 32-1).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**